UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT DAVIS,

        Petitioner,        Case Number: 2:16-CV-11672
                                          HON. GEORGE CARAM STEEH

v.

DUNCAN MACLAREN

        Respondent.
_____/

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART PETITIONER'S MOTION TO DISMISS
AND TO REMAND TO LOWER COURT FOR RESENTENCING**

       Petitioner Scott Davis, a state inmate currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the Court is Petitioner's Motion to Dismiss and Request to Remand to Lower Court for Resentencing. Petitioner asks the Court to dismiss his petition because the claims are not yet exhausted and remand to the state court for resentencing.

       Rule 11, Rules Governing Section 2254 Cases provides that the Federal Rules of Civil Procedure are applicable to habeas corpus proceedings where such rules are not inconsistent with the Rules Governing Section 2254 Cases. Federal Rule of Civil Procedure 41(a) permits a plaintiff to dismiss an action without leave of the adverse party or the court at any time before service by of an answer or a motion for summary judgment. In the pending case, Respondent has not yet filed a summary judgment

-1-

motion or answer. Therefore, Petitioner is entitled to voluntary dismissal of his petition for a writ of habeas corpus.

Petitioner also asks the court to remand this matter to state court for resentencing. This Court lacks authority to remand a federal habeas corpus proceeding to state court. *United States v. Robinson*, 407 F. Supp. 2d 437, 444 (E.D. Mich. 2005); *see Coombs v. Diguglielmo*, 616 F.3d 255, 265 n.10 (3d Cir. 2010) (holding that a federal court "do[es] not have authority under the federal habeas statutes, 28 U.S.C. § 2241 or § 2254, to remand a habeas corpus petition to a state court for an evidentiary hearing"); *Coulter v. McCann*, 484 F.3d 459, 466 (7th Cir. 2007) ("There is no authority in the habeas corpus statute for a federal court to remand or transfer a proceeding to the competent state court.").

Accordingly, the Court GRANTS IN PART AND DENIES IN PART Petitioner's Motion to Dismiss and Request to Remand to Lower Court for Resentencing (ECF No. 10). The Court GRANTS Petitioner's request to dismiss the petition for writ of habeas corpus and DENIES Petitioner's request to remand the matter to the state court. The habeas corpus petition is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated: June 17, 2016

                                                    s/George Caram Steeh
                                                    GEORGE CARAM STEEH
                                                    UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 17, 2016, by electronic and/or ordinary mail and also on Scott Davis #164006, Kinross Correctional Facility, 4533 W. Industrial Park Drive, Kincheloe, MI 49786.

s/Barbara Radke
Deputy Clerk